Denise SHERWOOD, Plaintiff—
Appellant,

v.

UNITED PARCEL SERVICE FLEXI-
BLE BENEFITS PLAN SHORT
TERM DISABILITY (STD) PLAN, an
Erisa plan, Defendant—Appellee.

No. 04–55364.

D.C. No. CV–03–04539–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 6, 2005.

Charles J. Fleishman, Esq., Beverly Hills, CA, for Plaintiff–Appellant.

Pamela L. Hemminger, Esq., Gibson, Dunn & Crutcher, Los Angeles, CA, for Defendant–Appellee.

Before CANBY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Denise Sherwood, an employee of United States Parcel Service ("UPS"), argues on appeal that the administrator of the UPS Flexible Benefits Plan, Short Term Disability Plan, a benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, abused its discretion when it denied her claim for short-term disability benefits.

Courts review the denial of ERISA-disability benefits for abuse of discretion when, as here, a benefits plan grants " 'the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " See Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

349 F.3d 1098, 1102–03 (9th Cir.2003) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)), *cert. denied,—— U.S. ——,* 125 S.Ct. 2956, 162 L.Ed.2d 887 (2005).[1] Given this restrictive standard of review, we affirm the district court's conclusion that there was no abuse of discretion. *See Jordan v. Northrop Grumman Welfare Benefit Plan,* 370 F.3d 869, 875 (9th Cir.2004) ("We can set aside the administrator's discretionary determination only when it is arbitrary and capricious.").

Sherwood's claim for short-term disability was predicated on her "emotional" or "mental" reaction to various medications she was taking to treat her chronic hepatitis C. Though initially (and understandably) confused about the nature of the claim, the plan administrator eventually requested that Sherwood submit certain objective medical evidence to substantiate her own reports, and the general, somewhat conclusory observations provided by her treating physician, that her reaction to her treatment was disabling. The administrator submitted Sherwood's claim, her first level appeal, and her second level appeal to independent physician review. The reviewing doctors indicated several sorts of objective evidence, related to the various aspects of Sherwood's claim, that might be used to support her disability claim. Though Sherwood's doctor, who was not a mental health specialist, did submit some additional documentation, the administrator continued to insist that it be provided with objective medical evidence of the extent of the "emotional" or "mental" disability and, receiving none, denied

the claim. This, Sherwood maintains, was an abuse of discretion.

The administrator gave Sherwood adequate notice of the kind of evidence needed to establish that she was disabled—within the meaning of the plan—by her "emotional" or "mental" reaction to her treatment. *See id.* at 881. We cannot, therefore, conclude that the plan administrator, when asked to balance the general and conclusory statements provided by Sherwood against the opinions of its own reviewing doctors, including mental health specialists, had no reasonable basis on which to conclude that Sherwood had failed to establish her claim. *Id.* at 875, 880–81.

Further, we cannot conclude that the plan administrator cherry-picked which information to consider or failed to request pertinent information. Sherwood's submissions, which made only oblique reference to her co-workers and supervisor, did not include or indicate the existence of specific, available information that might have helped substantiate the claim. *Compare with Booton v. Lockheed Med. Benefit Plan,* 110 F.3d 1461, 1463 (9th Cir.1997) (finding abuse of discretion where plan was aware of, but failed to request, additional information, specifically X-rays which the plan knew to exist, that would have helped substantiate the claim for benefits).

None of this is to say that the administrator's insistence on additional evidence was the best or only way in which the administrator might have exercised its discretion when faced with Sherwood's claim for short-term disability benefits. Our review, however, is limited to a inquiry into

---

1. We review de novo the district court's determination and application of the standard of review. *Abatie v. Alta Health & Life Ins. Co.,* 421 F.3d 1053, 1061 (9th Cir.2005). We review the district court's findings of fact for clear error. *Id.* To the extent the district court's order contained misstatements, they neither render the district court's material findings of fact clearly erroneous nor support a conclusion that the district court's ultimate determination was based on erroneous findings of fact.

whether an abuse of discretion occurred. On the record presented, we hold that there was no such abuse.

AFFIRMED.